**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LINDA TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| BLUESTEM BRANDS INC. D/B/A ) | **Jury Trial Demanded** |
| FINGERHUT, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

LINDA TATE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* ("TCPA,").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Illinois and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Berwin, Illinois.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in and around July 2015 and continuing through October 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was utilizing an automatic telephone dialing system as each call began with a recording prior to a representative speaking with Plaintiff.

15. Defendant's telephone calls were not made for "emergency purposes".

16. Desiring to stop these repeated and unwanted calls, Plaintiff requested that these calls stop immediately in July 2015 shortly after the calls began.

17. However, Defendant failed to restrict its calls to Plaintiff's cellular telephone number and continued to call Plaintiff through October 2015.

18. Once Defendant knew its calls were unwanted there was no lawful purpose for these continued calls.

### COUNT I
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff after July 2015 were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, Linda Tate, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

  e. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

 PLEASE TAKE NOTICE that Plaintiff, Linda Tate, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

DATED: November 17, 2017  KIMMEL & SILVERMAN, P.C.
           By: /s/ Amy L. Bennecoff Ginsburg
           Amy L. Bennecoff Ginsburg
           KIMMEL & SILVERMAN, P.C
           30 East Butler Pike
           Ambler, Pennsylvania 19002
           Phone: (215) 540-8888
           Facsimile: (877) 788-2864
           Email: aginsburg@creditlaw.com
           Attorney for Plaintiff